## MALONE v. McVEY ET AL.

TRUST.—*Action by Heirs to Enforce.*—*Title-Bond.*—*Sheriff's Sale.*—*Pleading.* —*Redemption.*—The owner of certain real estate executed a title-bond for the conveyance of the same to A. on his payment of the purchase-money. A. executed to B. an instrument acknowledging the receipt of a certain sum of money from the latter, to be applied on such purchase-money, and promising either to convey an undivided half of such land to B., or to refund him his money, on sale of the land, increased or diminished by the increase or diminution of the selling price, as compared with the purchase-price. A. having failed to complete the payment of the purchase-money, the owner foreclosed his title-bond, caused the land to be sold at sheriff's sale, and, on sale of the same to a third person, obtained a reconveyance to himself, and then conveyed the same to C., at the request of A. Complaint by B., against the heirs of C., to enforce a trust against them for the value of such land, and alleging that the conveyance by the owner to C. was made at the request of A. and C., on their representation that the same was simply a redemption from such sale, for the amount of the judgment, interest and costs of such foreclosure. *Held*, on demurrer, that the complaint is insufficient.

From the Marion Circuit Court.

C. W. *Smith* and R. O. *Hawkins*, for appellant.

J. T. *Dye* and A. C. *Harris*, for appellees.

BIDDLE, C. J.—The complaint of the appellant, against the appellees, who are alleged to be the heirs at law of J. Maler McVey, deceased, avers the following facts :

That Jacob Jones, of the county of Gentry, and State of Missouri, on the 14th day of September, 1857, executed his title-bond to William McVey, binding himself in the penalty of four thousand dollars to convey to William McVey certain described lands, in said county and State, upon the payment of eighteen hundred dollars; that, at the time of the execution of said title-bond, it was agreed between William McVey and the plaintiff, that each should contribute towards the purchase-money of said lands, and that, when said lands should be sold, William McVey should either return to the plaintiff the amount of money so contributed by him, with the advance or decrease in the proportion which said amount had to four thousand dollars, or to make a good and sufficient deed of warranty to the plaintiff for the undivided half of the lands; that, in pursuance of said agreement, the appellant, on the 14th day of September, 1857, paid to William McVey seven hundred dollars on said purchase, and, on the 10th day of November, 1857, the further sum of seven hundred and fifty dollars for said purpose, and that, at the date of the last mentioned payment, said agreement was reduced to writing, which is made an exhibit; that the plaintiff and William McVey entered upon, possessed and farmed said land as tenants in common, until the breaking out of the Rebellion, when the appellant abandoned the premises on account of the hostility of those residing in that county to men of northern birth; that, in 1861, Jones, upon failure by William Mc-Vey to complete the payments of the purchase-money of said land, foreclosed the title-bond, and, upon said foreclosure, the land was sold to one Lewis, who afterwards conveyed the same to Jones, who held it until the year 1869, when the said William McVey and J. Maler Mc-Vey visited Jones, and represented to him, that they were desirous of redeeming said land, whereupon Jones, for the consideration of thirteen hundred and fifty dollars, paid to him by said William and J. Maler, conveyed the

same, at the request of said William, to the said J. Maler McVey, and that said J. Maler was cognizant of the value of said lands, and joined in said representations; that Jones was moved to make said conveyance, under the belief that it was a redemption for the benefit of the original purchasers, or otherwise would not have so made it.    Wherefore J. Maler McVey became the trustee of William McVey and the plaintiff as to said land; that the said J. Maler McVey, in addition to the part of the thirteen hundred and fifty dollars which he so paid, paid to William McVey the further sum of fifteen hundred dollars, which is all that has been paid on said trust; that no part of the money paid by the plaintiff to William McVey, and invested in said lands, has ever been paid to him; that J. Maler McVey died, leaving the defendants his heirs at law, and that they have received property from the estate of J. Maler McVey, and that said estate has been settled and the executor discharged.

Prayer for an account, and other and general relief.

There is a second paragraph of complaint, founded upon the same alleged trust, not different in principle, and not essentially different in its averments, from the first paragraph, and therefore need not be stated in detail.

A demurrer to each paragraph, for the alleged want of sufficient facts stated, was overruled, and exception reserved by the appellees.    Proceedings were then had, which resulted in a final judgment against the appellant, from which he appeals.

The appellees assign as cross-errors the overruling of the demurrer to the first and second paragraphs of the complaint, which, from the view we have taken of the case, we proceed first to consider.

How the appellant could expect to recover against the heirs of J. Maler McVey, on the facts alleged in the complaint, we do not perceive.    The averments amount to no more in the end than that J. Maler McVey paid his part of thirteen hundred and fifty dollars (which, there being

but two persons concerned, must be presumed to be one-half,) and also the further sum of fifteen hundred dollars, for the benefit of the appellant and William McVey. Even if the trust alleged between the appellant and William McVey, in the original purchase of the land, could be carried through the foreclosure of the title-bond by Jones, the sale under it to Lewis, and the conveyance by Lewis to Jones (which we by no means decide), it could not reach beyond William McVey into J. Maler McVey, further than to show that the title of the lands claimed by the appellant and William McVey, upon which J. Maler McVey had paid twenty-one hundred and seventy-five dollars, was in his name, and of which they could not divest him without repayment of the sum he had thus advanced, the benefits of which they had accepted by adopting the re-purchase of the land from Jones. Besides, there is no averment in the complaint that the lands ever descended to the appellees, or that the estate of J. Maler McVey was ever benefited by it in the least. There is an averment that the appellees " received property from the estate of J. Maler McVey, deceased;" but how much, or what it was, is not stated. The facts averred in the complaint show that the appellees were entitled to receive from the land, as against the plaintiff and William McVey, the amount their ancestor had advanced upon the second purchase of the lands from Jones. The complaint is defective, for want of several material averments, and wholly insufficient for the want of a basis upon which to rest.

We do not notice the proceedings subsequent to the decision upon the demurrer to the complaint, because, that being insufficient, the judgment upon the whole record is right.

The judgment is affirmed, at the costs of the appellant.